Mei F. Chen (NJ Bar No. 008812006)
Law Office of Mei F. Chen
405 Sansome Street, 2nd Floor
San Francisco, CA 94111
Tel: (404) 939-5579
Fax: (470) 317-7702
Email: chenpknlaw@gmail.com

Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JOSE ANTONIO CHELEY,** | ) | **CASE NO.** |
| | ) | |
| Petitioner | ) | **PETITION FOR WRIT OF HABEALS** |
| | ) | **CORPUS UNDER 28 U.S.C. § 2241 AND** |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **AND DECLARATORY RELIEF** |
| **KRISTI NOEM,** | ) | |
| Secretary of United States | ) | |
| Department of Homeland Security, | ) | |
| **JOHN TSOUKARIS,** Immigration | ) | |
| and Customs Enforcement, Newark | ) | |
| Field Office Director, **YOLANDA** | ) | |
| **PITTMAN**, Warden of Elizabeth | ) | |
| Detention Center, **PAMELA** | ) | |
| **BONDI**, United States Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondents | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

# I.    <u>INTRODUCTION</u>

1.  Petitioner Jose Anthony Cheley ("Mr. Cheley") is in immigration detention and faces the prospect of removal because he was seized by Enforcement and Removal Operations ("ERO") at his residence in New Jersey.  Without this Court's intervention, the government will continue to detain Mr. Cheley, and may undertake efforts remove him, in violation of federal law, federal regulations, and due process.

2.  Mr. Cheley, a 53-year-old man, is a native and citizen of Guatemala. He was paroled into the United States on July 11, 2007 at Newark and Teterboro, New Jersey.

3.  He has been subject to a final order of removal since his application for cancellation of removal for non-lawful permanent residents under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1) was denied by the Immigration Judge ("IJ") and the Board of Immigration Appeals ("Board") affirmed the IJ's decision and dismissed his appeal on July 30, 2012.

4.  Mr. Cheley's United States citizen son, Anthony J. Cheley, filed an I-130 immigrant petition for him which is pending with the United States Citizenship and Immigration Services ("USCIS").

5.  Mr. Cheley was paroled into the United States as an arriving alien under INA § 212(d)(5), 8 U.S.C. § 1182(d)(5) on July 11, 2007 at Newark and Teterboro, New Jersey.

6.  On April 29, 2025, Mr. Cheley's immigration attorney, Claudia Bernal Perez, filed a motion asking the Board to reopen Mr. Cheley's immigration proceeding in order to allow him to seek to legalize his status by way of his familial relationship to his son, Anthony.

7. Mr. Cheley's detention and intended removal violate and would violate the Immigration and Nationality Act and its regulations, the Administrative Procedures Act, and the U.S. Constitution's due process guarantee. Unless habeas relief is granted, he faces removal to a country he does not know, and continued detention away from his U.S. citizen children.

## II.    JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and Article I, Section 9, Clause 2, of the United States Constitution (Suspension Clause).

9. Venue is proper in the District of New Jersey because Petitioner is currently detained at the Elizabeth Detention Center in Newark, New Jersey under color of the authority of the United States, in violation of the Constitution, laws or treaties thereof. 28 U.S.C. §§ 1391, 2241.

## III.    PARTIES

10. Petitioner Jose Anthony Cheley was detained by ERO on April 22, 2025. He remains in immigration custody at the Elizabeth Detention Center in Elizabeth, New Jersey.

11. Respondent Kristi Noem is the Secretary of Homeland Security and is Petitioner's ultimate legal custodian. She is sued in her official capacity.

12. Respondent John Tsoukaris is the Field Office Director for Enforcement and Removal Operations in ERO's Newark Field Office.  He is one of Petitioner's legal custodians, and is sued in his official capacity.

13. Respondent Yolanda Pittman is the Warden of the Elizabeth Detention Center and is Petitioner's immediate custodian. She is sued in her official capacity.

14. Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the Department of Justice.  She is one of Petitioner's legal custodians.

## IV.  FACTS

### A.  Petitioner's Immigration History

15. Mr. Cheley, a 53-year-old man, is a native and citizen of Guatemala. He was paroled into the United States INA § 212(d)(5), 8 U.S.C. § 1182(d)(5) as an arriving alien on July 11, 2007 at Newark and Teterboro, New Jersey.  Exhibit 1, 2.

16. The Department of Homeland Security initiated removal proceedings by filing a Notice of Appear on July 20, 2008.  At a master hearing, Mr. Cheley, through counsel, admit all the allegations and conceded the ground of removability.  He initially submitted an application for cancellation of removal for non-lawful permanent residents under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

17. On March 7, 2011, the IJ denied Mr. Cheley's application for cancellation of removal and granted him voluntary departure. In that decision, the IJ found Mr. Cheley ineligible for cancellation of removal under INA § 240A(b),8 U.S.C. § 1229b(b) based on finding that the given facts in the case did not meet the exceptional and extremely unusual hardship standard at INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D).

18. He timely appealed the decision to the Board.  However, the Board dismissed his appeal on July 30, 2012.  Mr. Cheley filed a motion to reopen removal proceedings with the Board, which was subsequently denied on February 14, 2013.

19. Mr. Cheley timely sought review of the Board's decisions by filing petitions for review with the United States Court of Appeals for the Third Circuit. On October 11, 2013, the Third Circuit issued a decision denying the petitions finding partly that it lacked jurisdiction to review the merits of Mr. Cheley's challenge to the hardship determination.

20. Mr. Cheley has a pending I-130 immigrant visa petition filed by his United States citizen son which remains under review by USCIS.  Exhibit 3.

21. On April 29, 2025, Mr. Cheley's immigration attorney, Claudia Bernal Perez, filed a motion asking the Board to reopen Mr. Cheley's immigration proceeding in order to allow him to seek to legalize his status by way of his familial relationship to his son, Anthony.

**B.  <u>Petitioner's effort to become a lawful permanent resident.</u>**

22. On June 28, 2024, USCIS received Mr. Cheley's Form I-130, Petition for Alien Relative, and sent him a receipt notice.

23. Prior to 2006, regulations barred a noncitizen from adjusting to permanent resident status if he or she was (1) an "arriving [noncitizen]"; and (2) in removal proceedings. 8 C.F.R. §§ 245.1(c)(8), 1245.1(c)(8) (2005). Four courts of appeals struck down this regulatory bar, holding that it violated the adjustment of status statute, 8 U.S.C. § 1255(a), reasoning that arriving noncitizens in removal proceedings had to be afforded a forum within which to apply for adjustment.  *See Scheerer v. Attorney General*, 445 F. 3d 1311, 1318-22 (11th Cir. 2006); *Bona v. Gonzales*, 425 F.3d 663, 667-70 (9th Cir. 2005); *Zheng v. Gonzales*, 422 F.3d 98, 111-20 (3d Cir. 2005); and *Succar v. Ashcroft*, 394 F.3d 8, 20-36 (1st Cir. 2005).

24. In response to these decisions, in 2006, USCIS and the Executive Office for Immigration Review ("EOIR") rescinded the regulatory bar on adjustment and replaced it with interim regulations which, seventeen years later, remain in effect without ever being finalized giving USCIS sole jurisdiction over the adjustment applications of arriving noncitizens in removal proceedings.  8 C.F.R. §§ 245.2(a)(1) (USCIS) and 1245.2(a)(1) (EOIR).

25. Mr. Cheley is considered an arriving alien because he was paroled under 8 U.S.C. § 1182(d)(5) and therefore, is adjustment eligible under 8 U.S.C. § 1255(a) .

26. The regulations define an "arriving [noncitizen]" as:

[A]n applicant for admission coming or attempting to come into the United States at a port-of-entry, or [a noncitizen] seeking transit through the United States at a port-of-entry, or [a noncitizen] interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport. An arriving [noncitizen] remains an arriving [noncitizen] even if paroled pursuant to section 212(d)(5) of the Act [8 U.S.C. § 1182], and even after such parole is terminated or revoked.

8  C.F.R. §§ 1.2, 1001.1(q).

27. Noncitizens granted parole at a port-of-entry under 8 U.S.C. § 1182(d)(5) fall within the definition of an "arriving [noncitizen]" because immigration officials permit them to enter the country but do not admit them.  8 U.S.C. § 1182(d)(A).

28. Moreover, a grant of parole under § 1182(d)(5) satisfies the requirement in 8 U.S.C. § 1255(a) that an adjustment applicant have been "inspected and admitted or paroled."

29. Under these laws and regulations, Petitioner's United States citizen son filed an I-130 immigrant petition for Mr. Cheley.  Mr. Cheley intends to seek

adjustment of status before USCIS by filing an I-485 adjustment of status application.

C. **Petitioner's detention during the adjustment of status process.**

30. On April 22, 2025, ERO went to Petitioner's residence in New Jersey and detained him.

31. Petitioner poses no danger or flight risk.

32. Upon information and belief, his detention and intended removal is founded on nothing other than his 2011 final removal order—which he was attempting to address through the adjustment of status process.

33. Petitioner's abrupt detention has already caused significant harm to his three United States citizen children,  Anthony J. Cheley (age 21), Ariany Cheley (age 20), and Alexander Cheley (age 16).

34. Since his detention, Petitioner has filed a motion for an administrative stay of removal from ERO.  He has also filed a motion to reopen his immigration case, and requested an emergency stay of removal from the Board. Neither ERO nor the Board have ruled on these requests.  Exhibit 1.

35. Upon information and belief, ERO intends to remove Petitioner from the United States.

36. Without intervention of this Court, Petitioner may be removed from the United States without the opportunity to continue applying for permanent residency by way of adjustment of status before USCIS, and without the opportunity to obtain a decision on his motion to reopen his immigration case.

Alternatively, Petitioner will continue to be detained while pursuing immigration relief. Both outcomes would be unlawful.

## V.    <u>CLAIMS FOR RELIEF</u>

### <u>COUNT ONE</u>
**Immigration and Nationality Act and Applicable Regulations**
**(as applied to Petitioner's detention)**

37. The foregoing allegations are realleged and incorporated herein.

38. Interpreted in light of the Constitution, the Immigration and Nationality Act ("INA") and its applicable regulations did not permit Petitioner's abrupt detention while he was engaged in the process of attempting to regularize her immigration status and without any determination that she poses a danger or flight risk. The INA makes detention mandatory only during the "removal period"—a 90-day period that began when Petitioner's order of removal became final, and has long since expired. 8 U.S.C. § 1231(a)(1). After the 90-day period, detention is permissible only in certain circumstances, upon notice to the noncitizen and after an individualized determination of dangerousness and flight risk.  *See* 8 U.S.C. § 1231(a)(6); 8 C.F.R. § 241.4(d), (f), (h) & (k).

39. In this case, the administrative order became final when the Board dismissed his appeal on July 30, 2012.  However, he sought judicial review of the final order before the Third Circuit Court of Appeals.  On October 11, 2013, the Third Circuit issued a decision denying the petitions finding partly that it lacked jurisdiction to review the merits of Mr. Cheley's challenge to the hardship determination. Petitioner's detention came 12 years after the Third Circuit denied the petition for review and 12 months after he began the process of applying for his permanent resident status—without any

notice, opportunity to present argument or evidence, or individualized determination

that he poses a danger and flight risk, and based on nothing more than the outstanding

order of removal that he was seeking to address—violates the INA and its regulations.

**COUNT TWO**
**Due Process under the U.S. Constitution**
**(as applied to Petitioner's detention)**

40. The foregoing allegations are realleged and incorporated herein.

41. Other than as punishment for a crime, due process permits the government to take

away liberty only "in certain special and narrow nonpunitive circumstances . . . where

a special justification . . . outweighs the individual's constitutionally protected interest

in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)

(quotations omitted). Such special justification exists only where a restraint on liberty

bears a "reasonable relation" to permissible purposes. *Jackson v. Indiana*, 406 U.S.

715, 738 (1972); *see also Foucha v. Louisiana*, 504 U.S. 71, 79 (1992); *Zadvydas*,

533 U.S. at 690. In the immigration context, those purposes are "ensuring the

appearance of aliens at future immigration proceedings and preventing danger to the

community." *Zadvydas*, 533 U.S. at 690 (quotations omitted).

42. Those substantive limitations on detention are closely intertwined with procedural

due process protections. *Foucha*, 504 U.S. 78-80. Noncitizens have a right to

adequate procedures to determine whether their detention in fact serves the purposes

of ensuring their appearance or protecting the community. *Id*. at 79; *Zadvydas*, 533

U.S. 692; *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 949 (9th Cir.

2008). Where laws and regulations fail to provide such procedures, the habeas court

must assess whether the noncitizen's immigration detention is reasonably related to

the purposes of ensuring his appearance or protecting the community. Zadvydas, 533 U.S. at 699.

43. Because Petitioner was detained without any determination that he poses a danger or flight risk, and because he in fact poses no danger or flight risk, his detention violates due process.

### COUNT THREE
### Immigration and Nationality Act and Applicable Regulations
### (as applied to Petitioner's removal)

44. The foregoing allegations are realleged and incorporated herein.

45. The INA and regulations do not condemn individuals who live in the United States unlawfully and under final orders of removal to adjust their status before USCIS as arriving aliens under 8 U.S.C. § 1182(d)(5).

46. Petitioner was abruptly detained by ERO at his residence. ERO's efforts to remove Petitioner without allowing him to follow these adjustment of status procedures for arriving aliens violates the INA and applicable regulations.

### COUNT FOUR
### Due Process under the U.S. Constitution
### (as applied to Petitioner's removal)

47. Petitioner incorporates by reference the allegations set forth in each of the preceding paragraphs of this petition.

48. Due process protects a noncitizen's liberty interest in the adjudication of applications for relief and benefits made available under the immigration laws. *See Arevalo v. Ashcroft*, 344 F.3d 1, 15 (1st Cir. 2003) (recognizing protected interests in the "right to seek relief" even when there is no "right to the relief itself"). Petitioner has a

protected due process interest in her ability to apply for legal permanent resident status.

49. Any efforts by ERO to remove Petitioner, without allowing him to avail himself of the procedures created by the INA and its regulations, violate and would violate due process.

50. Moreover, any efforts by ERO to remove Petitioner also violate and would violate due process by depriving him of his interest in the adjudication of his motion to reopen. *See Devitri v. Cronen*, --- F. Supp. 3d ----, 2018 WL 661518, *5-6 (D. Mass. Feb. 1, 2018).

<u>**COUNT FIVE**</u>
**Administrative Procedures Act**
**(as applied to Petitioner's detention and removal)**

51. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

52. The Administrative Procedures Act (APA) forbids agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A court reviewing agency action "must assess . . .whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment"; it must "examin[e] the reasons for agency decisions—or, as the case may be, the absence of such reasons." *Judulang v. Holder*, 565 U.S. 42, 53 (2011) (quotations omitted).

53. Petitioner's detention and any efforts to remove Petitioner under the facts alleged here, including facts showing that he was seized at his residence while availing

himself of the adjustment of status process for arriving aliens created under the INA and regulations, are and would be arbitrary and capricious under the APA.

54. The APA also sets forth rule-making procedures that agencies must follow before adopting substantive rules. *See* 5 U.S.C. § 553. The Department of Homeland Security followed these rulemaking procedures to establish the adjustment of status process for arriving aliens.

55. ERO's sudden decision to prohibit some noncitizens with final orders of removal from pursuing the process created by these regulations—a prohibition accomplished in this case by detaining and attempting to remove Mr. Cheley in the midst of his efforts to legalize his status—improperly alters these substantive rules without notice-and-comment rulemaking, in violation of the APA.

## VI.    REQUEST FOR ORAL ARGUMENT

56. Petitioner respectfully requests oral argument on this Petition.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Assume jurisdiction over this matter;

b. Enjoin Respondents from removing Petitioner from the United States until he has had the opportunity to apply for and receive decisions on his immigrant petition and application for adjustment of status; and until he has had an opportunity to receive a decision on his motion to reopen his immigration proceedings, and to seek judicial review of that determination if necessary;

c. Declare that the process applied to Petitioner by Respondents violates the

Due Process Clause of the Fifth Amendment, the INA, the APA, and

federal regulations;

d.  Issue a writ of habeas corpus directing Respondents to pursue a

constitutionally adequate process to justify adverse immigration actions

against Petitioner;

e.  Grant attorneys' fees and costs of this action under the Equal Access to

Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), *et seq.*; and

f.  Grant such other relief as the Court deems necessary and proper.

Respectfully submitted,

Date: May 5, 2025                              By:

Mei F. Chen
Attorney for Petitioner

**EXHIBIT 1**

## DECLARATION OF CLAUDIA BERNAL PEREZ

1. I am an immigration attorney in New Jersey and New York.

2. I represent Jose Antonio Cheley in matters pending before the Board of Immigration Appeals ("Board"), U.S. Citizenship and Immigration Services, the Office of Chief Counsel of the Department of Homeland Security, and Enforcement and Removal Operations ("ERO"). I was retained to handle Mr. Cheley's case after his detention by ERO at his residence in Newark, New Jersey.

3. Mr. Cheley, a 53-year-old man, is a native and citizen of Guatemala. He was paroled into the United States on July 11, 2007 at Newark and Teterboro, New Jersey.

4. On March 7, 2011, the Immigration Judge ("IJ") denied Mr. Cheley's application for cancellation of removal and granted him voluntary departure. In that decision, the IJ found Mr. Cheley statutorily ineligible for cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b) based on finding that the given facts in the case did not meet the exceptional and extremely unusual hardship standard at INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D).

5. He timely appealed the decision to the Board.  However, the Board dismissed his appeal on July 30, 2012.  Mr. Cheley filed a motion to reopen removal proceedings with the Board, which was subsequently denied on February 14, 2013.

6. Mr. Cheley timely sought review of the Board's decisions by filing petitions for review with the United States Court of Appeals for the Third Circuit. On October 11, 2013, the Third Circuit issued a decision denying the petitions finding partly that it lacked jurisdiction to review the merits of Mr. Cheley's challenge to the hardship determination.

7. Mr. Cheley has a pending I-130 immigrant visa petition filed by his United States citizen son, Anthony Joseph Cheley, which remains under review by USCIS.

8.  He has three United States citizen children living in the United States, Anthony J. Cheley (age 21), Ariany Cheley (age 20), and Alexander Cheley (age 16).

9.  When Mr. Cheley did not depart, that voluntary departure grant converted into a final order of removal. *See* 8 C.F.R. § 1240.26(d).

10. Mr. Cheley has lived with a final order of removal since February 14, 2013.

11. I intend to file an I-485 adjustment of status application with USCIS based on Mr. Cheley's parole under 8 U.S.C. § 1182(d)(5).

12. On May 2, 2025, I filed a Form I-246 with ERO in Newark, New Jersey, asking the agency to administratively stay Mr. Cheley's removal.  I was advised by ERO that they will make a decision on the administrative stay on May 5, 2025.

13. On April 29, 2025, I filed a motion asking the Board to reopen Mr. Cheley's immigration proceeding in order to allow him to seek to legalize his status by way of his familial relationship to his son, Anthony.  Alternatively, I also asked the Board to rescind its decision dated March 7, 2011 and re-issue an identical decision with a new date because Mr. Cheley is newly entitled to judicial review of the hardship determination that this Board made in affirming the denial of his application for cancellation of removal following the Supreme Court's decision in *Wilkinson v. Garland*, No. 22-666, 601 U.S. __, 2024 WL 1160995 (2024).  Mr. Cheley's motion remains pending.

14. Along with that motion to reopen, I filed a motion for an Emergency Stay of Removal with the Board.  That motion is pending.

15. I intend to call the Board's emergency stay line on May 5, 2025 to ask the Board to adjudicate the motion for stay.

16. To my knowledge, Ms. Cheley is in danger of imminent removal.

I declare under penalty of perjury that the foregoing is true and correct.

Claudia Bernal Perez

May 5, 2025
Date

3

**EXHIBIT 2**

**U. S. Department of Justice**
Immigration and Naturalization Service

**Notice to Appear**

In removal proceedings under section 240 of the Immigration and Nationality Act:

File No: ▮▮▮▮▮▮

In the Matter of:

Respondent:    **CHELEY, JOSE ANTONIO**                                    currently residing at:

▮▮▮▮▮▮▮▮▮▮                                                          ▮▮▮▮▮▮
                                          ZIP code)                    (Area code and phone number)

[X]  1.  You are an arriving alien.

[ ]  2.  You are an alien present in the United States who has not been admitted or paroled.

[ ]  3.  You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that:

1) You are not a citizen or national of the United States.

2) You are a native of GUATEMALA and a citizen of GUATEMALA;

3) You were paroled to the United States at NEWARK AND TETERBORO, NJ on or about July 11, 2007;

4) Your parole status is terminated or expired, and you do not possess a valid immigrant visa, reentry permit, border crossing identity card, or other valid entry document.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 212(a)(7)(A)(i)(I) and (II) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing indetification card, or other valid entry document required by the Act, and a valid unexpired passport or other suitable travel document, or document of identity and nationality as required under regulations issued by the Attorney General under section 211(a) of the Act.

[ ]  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ]  Section 235(b)(1) order was vacated pursuant to:    [ ] 8 CFR 208.30(f)(2)    [ ] 8 CFR 235.3(b)(5)(iv)

**YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:**

**970 BROAD STREET,  SUITE 1135, NEWARK, NJ 07102-0000**
(Complete Address of Immigration Court, including Room Number, if any)

on  September 25, 2008 at  9:00 Am   to s    why you should not be removed from the United States based on
   (Date)                                                                a)
the charge(s) set forth above.

_____
(Signature and Title of Issuing Officer)

Date:  JUL 2 0 2008                LYNDHURST, NJ
                                   (City and State)

**See reverse for important information**

Form I-862(Rev. 3/22/99)N

NTA

**U.S. Department of Justice**
Immigration and Naturalization Service

970 BROAD STREET  NEWARK, NJ  07102

NEW

**AUTHORIZATION FOR PAROLE OF AN ALIEN INTO THE UNITED STATES**

| Name of Alien | (First) | (Middle) | (Last) | | Date | 01/10/2001 |
|---|---|---|---|---|---|---|
| | *Jose* | **CHELEY** | | | File Number | |

| Date of Birth (Month) (Day) (Year) | | Place of Birth | (City or town) | (State or province) | (Country) GUATEMALA |
|---|---|---|---|---|---|

| U.S. Address | (Apt. number and/ or in care of) | (Number and street) | (City or town) | (State) | (ZIP Code) |
|---|---|---|---|---|---|
| 4 | | | | | |

Presentation of the attached duplicate of this document will authorize a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act.

Presentation of the original of this document prior to _____ *March 9, 2001* _____ will authorize an immigration officer at a port of entry in the United States to permit the named bearer, whose photograph appears hereon, to enter the United States:

[X] as an alien paroled pursuant to section 212(d)(5) of the Immigration and Nationality Act.

[ ]

MAIL ROOM
NEWARK,N.J.07102
2001 MAR 14  AM 11:33
RECEIVED
IN & MAIL SERVICE

Remarks:  ~~SINGLE ENTRY — VALID UNTIL March 9, 2001~~

SUBJECT IS AN ALIEN WHO IS NOT AN EXCHANGE ALIEN SUBJECT TO THE
FOREIGN RESIDENCE REQUIREMENT, IS NOT THE BENEFICIARY OF A PRIVATE
BILL AND IS NOT UNDER DEPORTATION PROCEEDINGS, IN WHOSE CASE PAROLE
HAS BEEN AUTHORIZED BY THE DISTRICT DIRECTOR BECAUSE OF EMERGENT OR
HUMANITARIAN CONSIDERATION.

ANDREA QUARANTILLO, DISTRICT DIRECTOR
(Signature of Immigration Officer)

NEWARK,  NJ
(Authorizing Office)



**ARRIVAL STAMP**

PAROLED until: MARCH 9 2001
Purpose: E41C
HOU-302  MAR 0 7 2001
(Port)  (Officer)  (Date)

Form I-512 (Rev. 10-1-82) Y        0001

**TO ALIEN**

Adv. Parole



1015000041880  1703146 141121 15 1570218 010615 00:36 010515 ADS-005867

Warning - A nonimmigrant who accepts unauthorized employment is subject to deportation.

Important - Retain this permit in your possession; you must surrender it when you leave the U.S. Failure to do so may delay your entry into the U.S. in the future.

You are authorized to stay in the U.S. only until the date written on this form. To remain past this date, without permission from immigration authorities, is a violation of the law.

Surrender this permit when you leave the U.S.:
- By sea or air, to the transportation line;
- Across the Canadian border, to a Canadian Official;
- Across the Mexican border, to a U.S. Official.

Students planning to reenter the U.S. within 30 days to return to the same school, see "Arrival-Departure" on page 2 of Form I-20 prior to surrendering this permit.

Record of Changes

| Port: | | Departure Record |
|---|---|---|
| Date: | | |
| Carrier: | | |
| Flight #/Ship Name: | | |

1015000841080  1703446 141121 15 1570218 010615 00:36 010515 A09-805887

**EXHIBIT 3**

 An official website of the United States government    Here's how you know    Español   ⊕ Multilingual Resources

MENU

 U.S. Citizenship
and Immigration
Services

# Case Status Online

## Case Was Received and A Receipt Notice Was Sent

On June 28, 2024, we received your Form I-130, Petition for Alien Relative, Receipt Number ▮▮▮▮▮▮▮▮ and sent you a receipt notice or acceptance notice. The notice describes how we will process your case. Please follow the instructions in the notice. If you move, go to www.uscis.gov/addresschange to give us your new mailing address.

Enter Another Receipt Number ❓

EAC1234567890

Check Status

Already have an Account? Login

Create an Account? Sign up

DHS PRIVACY NOTICEPAPERWORK REDUCTION ACT

# Related Tools

## Change of Address

**PROOF OF SERVICE**

I, the undersigned, declare that my office is in San Francisco, California.  I am over the age of eighteen (18) years and not a party to the action within.  My business address is 405 Sansome Street, 2nd Floor, San Francisco, CA 94111.  On November 22, 2023, I served the following documents: **PETITION FOR WRIT OF HABEALS CORPUS UNDER 28 U.S.C. § 2241 AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** by placing a true and correct copy in a sealed envelope, each addressed as follows:

Kristi Noem
U.S. Department of Homeland Security
2801 Nebraska Avenue NW
Washington, D.C. 20528

John Tsoukaris
Enforcement and Removal Operations
Newark Field Office
970 Broad St. 11th Floor
Newark, NJ 07102

Yolanda Pittman
Elizabeth Detention Center
25 Evans Street
Elizabeth, NJ 07201

Pamela Bondi
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Attorney's Office
970 Broad Street, 7th Floor
Newark, NJ 07102

**By mail.**  I am readily familiar with the business for collection and processing of correspondence for mailing in the United States Postal Service and that this document, with postage fully prepaid, will be deposited with the United States Postal Service this date in the ordinary course of business.

1    I declare under the penalty of perjury that the foregoing is true and correct.  Executed on

2  May 5, 2025, at San Francisco, California.

3

4                                                                Mei F. Chen

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25